UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREDERICK L. RUNYON,<br><br>Plaintiff,<br><br>v.<br><br>WELLINGTON MANAGEMENT COMPANY, LLP, ANNE MAHONEY and STEPHEN KLAR,<br><br>Defendants. | CIVIL ACTION NO. 13-11236-DJC |

## MOTION TO DISMISS

Defendants Wellington Management Company, LLP ("Wellington"), Anne Mahoney ("Mahoney") and Stephen Klar ("Klar"), by their counsel, hereby move the Court pursuant to Fed. R. Civ. P. 12(b)(1) and (6) to dismiss Counts I (as to Mahoney and Klar only), II, III, IV and V of the *Complaint, Injunctive Relief and Jury Demand* ("the Complaint") filed by Plaintiff Frederick L. Runyon ("Runyon"), a former Wellington employee. The Complaint alleges that the Defendants committed various statutory and common law violations when Wellington laid Runyon off in June 2011. The Counts cited above are defective, and must be dismissed, for the following reasons:

Count I alleges that the Defendants violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"). Count I must be dismissed as to Mahoney and Klar because individuals may not be held personally liable under that statute and, in any event, Runyon has failed to state a claim against them upon which relief could be granted.

Counts II, IV and V allege that the Defendants discriminated against Runyon on account of his age in violation of Massachusetts General Laws Chapter 151B, and that Mahoney and Klar interfered with Runyon's rights and aided and abetted Wellington's alleged discrimination under that statute. These Counts must be dismissed because, in exchange for a significant sum of money and benefits, Runyon executed a general release of all claims against Wellington and all of its employees (as alleged in Paragraphs 29 through 48 of the Complaint) that expressly covers claims arising under G.L. c. 151B.

Count III alleges that the Defendants fraudulently induced Runyon to execute the general release of claims by telling him that Wellington was eliminating his position and failing to tell him that the position would subsequently be filled by a younger person. This Count fails because the Complaint does not contain factual allegations sufficient to state such a claim.

The grounds for this motion are set forth more fully in Defendants' memorandum of law, submitted herewith.

WHEREFORE, Defendants request that the Court dismiss Counts I (as to Mahoney and Klar), II, III, IV and V of the Complaint.

WELLINGTON MANAGEMENT COMPANY, LLP, ANNE MAHONEY and STEPHEN KLAR,

By their attorneys,

/s/ *Ilene Robinson Sunshine*
Ilene Robinson Sunshine (BBO #423000)
isunshine@sandw.com
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800 (phone)
(617) 338-2880 (fax)

Dated: June 24, 2013

- 3 -

<u>Certificate of Service</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 24, 2013.

<u>/s/  Ilene Robinson Sunshine</u>