UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FREDERICK L. RUNYON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 13-11236-DJC |
| | ) | |
| WELLINGTON MANAGEMENT | ) | |
| COMPANY, LLP, ANNE MAHONEY | ) | |
| and STEPHEN KLAR, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>AFFIDAVIT OF ILENE ROBINSON SUNSHINE</u>

Ilene Robinson Sunshine, being first duly sworn, states as follows:

1.     My name is Ilene Robinson Sunshine.  I am an attorney admitted to practice in Massachusetts since 1979 and a partner of Sullivan & Worcester LLP.  I represented Defendant Wellington Management Company LLP ("Wellington") with regard to the charge of discrimination that Plaintiff Frederick Runyon filed with the Massachusetts Commission Against Discrimination ("MCAD") prior to filing this action.

2.     A complete and accurate copy of Mr. Runyon's MCAD charge is attached as Exhibit 1 to this Affidavit.

3.     A complete and accurate copy of the Order of dismissal of Mr. Runyon's charge of discrimination issued by the MCAD on July 11, 2012 is attached as Exhibit 2 to this Affidavit.

4.      A complete and accurate copy of the severance agreement that Mr. Runyon alleges that he executed with Wellington is attached as Exhibit 3 to this Affidavit.


SIGNED UNDER THE PENALTIES OF PERJURY
THIS  24th DAY OF JUNE, 2013.


/s/  *Ilene Robinson Sunshine*


Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 24, 2013.


/s/  *Ilene Robinson Sunshine*

# EXHIBIT 1

**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
**One Ashburton Place, Boston, MA 02108**
**Phone: (617) 994-6000 Fax: (617) 994-6024**

---

MCAD DOCKET NUMBER:  12BEM00663        EEOC/HUD CHARGE NUMBER:  16C-2012-01141
FILING DATE: 03/23/12                                 VIOLATION DATE:  03/23/12

---

Name of Aggrieved Person or Organization:
Frederick L. Runyon
125 High Street
Newton, MA 02464
Primary Phone: (617)817-2466 ext. _____

---

Named is the employer, labor organization, employment agency, or state/local government agency who discriminated
against me:
Wellington Management Company, LLP
Attn: Legal Department
280 Congress Street
Boston, MA
Primary Phone: (617)951-5000 ext. _____

No. of Employees:        25+

---

Cause of Discrimination based on:
Age, Age Discrimination unspecified or general.

---

**The particulars are:**
I, Frederick L. Runyon, the Complainant believe that I was discriminated against by Wellington Management Company,
LLP, on the basis of Age. This is in violation of M.G.L. c. 151B Section 4 Paragraph 1B and ADEA.

1)        My name is Frederick Runyon, and I am 59 years old. I was born 5/10/1952.
2)        I have worked for the Wellington Management Company for over twelve years, since August 1998. Before my
termination I held the title of Vice President, Corporate Design Manager.
3)        In or around June 2010, during a meeting with Brian Johnson, my supervisor, he mentioned a member of my
design team, Donna DeAlmeida, saying that, "at this point in her career, I doubt she'd be interested in new challenges."
Some months later he expressed the same sentiment concerning another team member, Ms. Christine Green. Both Ms.
Green and Ms. DeAlmeida were at least 50 years old.
4)        On or around June 1st, 2011, Brian Johnson and Anne Mahoney, his superior, told me that my position had been
eliminated, and terminated me. I later found out that, three other employees (including Ms. Green) were terminated that
day, all over the age of forty.
5)        In order to receive my severance package I had to sign an agreement waiving my right to legal action—but the
waiver was confusing and contradictory, and I had no idea at the time that there was any cause to believe that
discrimination had occurred.
6)        Around early December 2011, I spoke on the phone with a colleague still employed at Wellington. She informed
me that the company had hired Betsy Salsman as Creative Manager in October. Ms. Salsman is approximately 20 years
younger than me, and her duties were, if not identical, then nearly the same as mine had been. It was apparent that my
position had not been eliminated: they had merely changed the title and replaced me with someone younger.
7)        I believe I have been discriminated against and unfairly terminated based on my age.

---

I hereby verify, under the pains and penalties of perjury, that I have read this complaint and the allegations contained herein
are true to the best of my knowledge.

*Frederick Runyon*
(Signature of Complainant)

MCAD Docket Number 12BEM00663, Complaint

# EXHIBIT 2

## COMMONWEALTH OF MASSACHUSETTS
## COMMISSION AGAINST DISCRIMINATION

---

FREDERICK RUNYON,
            Complainant,

    v.                           DOCKET NO. 12-BEM-00663

WELLINGTON MANAGEMENT
COMPANY, LLP
            Respondent

---

### <u>ORDER</u>

This matter comes before me on Respondent's Motion to Dismiss on the grounds that the Complainant entered into a settlement agreement with Respondent and released his claims of discrimination against Respondent. The Motion was filed on April 13, 2012, and served on Complainant. Complainant has not filed an opposition. For the reasons stated below, Respondent's Motion is **<u>granted</u>**.

<u>Background</u>

Frederick Runyon filed his Complaint with the Commission on March 23, 2012, alleging that Wellington Management Company, LLP ("Wellingon") discriminated against him by terminating his employment on the basis of his age (59 y.o) in violation of G.L. Chapter 151B, Section 4, Paragraph 1B, and ADEA. Respondent moves to dismiss, arguing that the parties reached a settlement of the issues contained in the MCAD Complaint on June 14, 2011, in accordance with which, in return for severance payment Runyon released Respondent from liability for any existing claims arising out of his employment with, and discharge from Wellington.

An individual may waive or release a discrimination claim by means of a private agreement. *See* <u>Berman v. Northeast Savings Bank</u>, 10 MDLR 1582, (1988). Pursuant to 804 CMR 1.15(6), the Commission encourages the parties to resolve complaints through voluntary settlement prior to investigative determination. If it appears from the facts of the complaint and the terms of the settlement that the public interest has been served, the Investigating Commissioner shall dismiss the complaint without a finding.  Furthermore, public policy favors the private settlement of disputes arising from allegations of employment discrimination. *See e.g.* <u>EEOC v. Astra USA, Inc.</u>, 94 F. 3rd 738, 744 (1996).  In enacting Title VII, Congress expressed a strong preference for encouraging voluntary settlement of employment discrimination claims. *See, e.g.,* Alexander v. <u>Gardner-Denver Co.</u>, 415 U.S. 36, 44 (1974).

In order for a release to be valid, the employee's waiver of claims must be made "knowingly and voluntarily." <u>Berman</u> at 1588-1591. I have reviewed the Settlement Agreement and the circumstances under which it was negotiated and applied the principles enunciated in <u>Berman</u>.  I find that the criteria set forth in <u>Berman</u> have been met.

The language of the Agreement is clear and unambiguous. The language in the release and settlement is written so that it can easily be understood by a layman.  Runyon was employed as a Corporate Design Manager with Wellington. This position requires both education and experience, and Runyon is capable of understanding what he signed. The Agreement included language acknowledging that Runyon had carefully read and fully understood the provisions of the Agreement, and that he had been advised to seek legal counsel.  In addition, Runyon was given a reasonable period of time (21 days) in which to

decide whether or not to sign the Agreement and Release, and upon signature, he was allowed an additional 7 day period within which to revoke it. Respondent asserts, and Complainant has not disputed that he accepted the severance payment set forth in the Agreement. For these reasons, I find that Runyon's signing of the Agreement was knowing and voluntary and that the Agreement and release of claims is valid and that there is no public interest to be served in allowing the Complaint to remain open.

For the reasons stated above, the Complaint is **dismissed**.

So Ordered, this _____ 11 th _____ day of _____ July _____, 2012.

Sunila Thomas-George
Investigating Commissioner

# EXHIBIT 3



Wellington Management Company, LLP

280 Congress Street
Boston
Massachusetts 02210
USA

Telephone: (617) 951-5000

June 1, 2011

Mr. Frederick L. Runyon
125 High Street
Newton MA, 02464

Dear Rick:

This will confirm that we have agreed to the following terms and conditions regarding your separation from employment with Wellington Management Company, LLP ("Wellington"):

1
**Termination.**  Your employment with Wellington will terminate on June 15, 2011 ("Termination Date").  Your last day in the office will be June 8, 2011.

2
**Severance Payments.**  Provided that you sign this Agreement and do not revoke your signature, Wellington will pay you twelve (12) months of severance pay (the "Severance Period") based on your current annualized base salary of $102,000. Your severance payments will be made to you minus taxes and other withholdings as required by law or as authorized by you.  The payments will be made to you in equal semi-monthly installments in accordance with Wellington's usual pay schedule commencing on the first regular pay date after the expiration of the 7-day revocation period described in Paragraph 10.

3
**Vacation.** Regardless of whether you sign this Agreement, on the Termination Date, Wellington will pay you the balance of your vacation days accrued but not yet taken as of the Termination Date, minus withholdings as required by law.

4
**Benefits.**  Your eligibility to continue coverage under Wellington's group health and dental insurance plans under COBRA, 29 U.S.C. §1161 *et seq.*, will commence on the first day of the month following the Termination Date.  Wellington will provide you with separate written notification of your right to continue such coverage.

Your eligibility to participate in Wellington's group Long Term Disability, Long Term Care, Life Insurance, Accidental Death and Dismemberment, Travel Accident and other benefit plans and arrangements will end on the Termination Date.

Runyon, Frederick
June 1, 2011
Page 2

5

**Outplacement.** Wellington will provide you with outplacement assistance through Keystone Associates, a career management firm. A Keystone associate will contact you after the severance agreement has been signed. We encourage you to initiate services as soon as possible, and no later than 60 days from your termination date.

6

**General Release of Claims.** In exchange for the promises set forth herein, you, on behalf of yourself and your heirs, executors, administrators and assigns hereby release and forever discharge Wellington Management Company LLP and its affiliates, and all of their respective partners, directors, officers, employees, agents, successors and assigns (the "Released Parties"), from any and all suits, claims, demands, debts, sums of money, damages, interest, attorneys' fees, expenses, actions, causes of action, judgments, accounts, promises, contracts, agreements, and any and all claims of law or in equity, whether now known or unknown, which you now have or ever have had against the Released Parties, or any of them, including, but not limited to, any claims under Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act, the Family and Medical Leave Act, Massachusetts General Laws, Chapters 149 and 151B, and any other federal, state or local statute, regulation, ordinance or common law creating employment-related causes of action, and all claims related to or arising out of your employment or the termination of your employment with Wellington. You also hereby waive any claim for reinstatement, attorney's fees, or costs. You agree, to the extent consistent with applicable law, that you will not hereafter pursue any individual claim against any of the Released Parties by filing a claim, complaint or charge with any federal, state or local court, any arbitration panel or any administrative agency, for or on account of anything that is the subject of this General Release of Claims. You hereby represent that you have not previously filed or joined in any complaints, charges or lawsuits against Wellington pending before any governmental agency or court of law relating to your employment and/or the cessation thereof. This General Release of Claims shall not apply to: (1) any vested interest you may have in any 401(k), pension, or profit sharing plan by virtue of your employment with Wellington; (2) any claim that arises after you sign this Agreement; (3) any claim that may not be waived by law; or (4) any claim by you to enforce the provisions of this Agreement.

7

**Confidential Information; Return of Wellington Property.** During and after your employment at Wellington, you will treat as strictly confidential all proprietary or other confidential information of Wellington, and you will not at any time, without Wellington's prior written consent, reveal or disclose to any person outside of Wellington, or use for your own benefit or for the benefit of any other person or entity, any confidential information concerning Wellington's business, customers, clients, or employees. Confidential information includes, without limitation, financial information, reports, forecasts, intellectual property, trade secrets, know-how, software, market or sales information and plans, client lists, business plans, prospects and opportunities. All documents, records, materials, software, equipment, office entry cards and other physical property, and all copies of the same that have come into your possession or been produced by you in connection with your employment, have been and

Runyon, Frederick
June 1, 2011
Page 3

remain the sole property of Wellington. You agree that you will return all such property to Wellington by the Termination Date.

8
**Confidentiality.** You agree to keep strictly confidential, not to make public and not to disclose to anyone in any manner the terms of this Agreement except to your immediate family, state and federal tax authorities, your attorneys, tax preparers, accountants or other professional advisers, and as may be necessary to enforce this Agreement or upon court order. You also may disclose this Agreement to the extent necessary in conjunction with any claim you may file for unemployment compensation benefits.

9
**Non-Disparagement.** You agree not to take any action or make any statement, written or oral, that disparages Wellington or any of Wellington's partners, employees or agents, or that has the intended or foreseeable effect of harming Wellington's reputation or the personal or business reputation of any of Wellington's partners, employees or agents.

10
**Consultation with Counsel; Time for Signing; Revocation.** You acknowledge that Wellington has advised you that you have the right to and should consult with an attorney of your own choice prior to signing this Agreement. You have until twenty-one (21) days from your receipt of this Agreement to decide whether to sign it. You will have seven (7) days after signing this Agreement to revoke your signature. If you intend to revoke your signature, you must do so in a writing addressed and delivered to me prior to the end of the 7-day revocation period. This Agreement shall not be effective, and neither Wellington nor you shall have any rights or obligations hereunder, until the expiration of the 7-day revocation period.

11
**General Provisions.**

a) **Severability.** The invalidity or unenforceability of any provision of this Agreement shall in no way affect the validity or enforceability of any other provisions, or any part hereof.

b) **Enforcement; Applicable Law; Jurisdiction.** This Agreement is intended to operate as a contract under seal and shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts. You agree that all disputes arising under or out of this Agreement shall be brought in courts of competent jurisdiction within the Commonwealth of Massachusetts and you hereby consent to jurisdiction in courts located in the Commonwealth of Massachusetts with respect to all matters arising out of or related to this Agreement.

c) **Entire Agreement; No Representations.** This Agreement constitutes the entire agreement between you and Wellington concerning the terms and conditions of your separation from employment with Wellington and supersedes all prior and contemporaneous agreements, understandings, negotiations and discussions, whether oral or written, between you and Wellington. You agree that Wellington has not made any warranties, representations or

Runyon, Frederick
June 1, 2011
Page 4

promises to you regarding the meaning or implication of any provision of this Agreement other than as stated herein.

d) **Modification and Waiver.** This Agreement may be amended or modified only by a written instrument signed by you and an authorized representative of Wellington.  The failure of you or Wellington at any time to require the performance of any provision of this Agreement shall in no manner affect the right of such party at a later time to enforce the same provision.

Please indicate your understanding and acceptance of this Agreement by signing this letter and returning it to me.  Please keep a copy for your records.

Very truly yours,

Lawrence J. Spidle
Vice President
Manager, Employee Relations

Accepted and Agreed:

Frederick L. Runyon                    Dated: 6/14, 2011

APPENDIX A
## GENERAL RELEASE OF CLAIMS

In consideration of the promises made in the letter agreement between Wellington Management Company, LLP ("Wellington") and me, dated as of _____, 2011, I, on behalf of myself and my heirs, executors, administrators and assigns, hereby release and forever discharge Wellington and its affiliates, and each of their respective partners, directors, officers, employees, agents, successors and assigns (the "Released Parties"), from any and all suits, claims, demands, debts, sums of money, damages, interest, attorneys' fees, expenses, actions, causes of action, judgments, accounts, promises, contracts, agreements, and any and all claims of law or in equity, whether now known or unknown, which I now have or ever have had against the Released Parties, or any of them, including, but not limited to, any claims under Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act, the Family and Medical Leave Act, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act, Massachusetts General Laws, Chapter 151B, and any other federal, state or local statute, regulation, ordinance or common law creating employment-related causes of action, and all claims related to or arising out of my employment or the termination of my employment with Wellington.

Wellington has informed me of my right to consult an attorney, and that I have twenty-one (21) days after receiving this General Release to decide whether or not to sign it. In addition, I have seven (7) days after signing this General Release to revoke my signature before it becomes effective. If I wish to revoke my signature, I should do so in writing addressed and delivered to Lawrence J. Spidle, Wellington Management Company LLP, 100 Federal Street, Boston, MA, 02210 before the end of the seven-day revocation period.

This release is intended to operate as a contract under seal and shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts. I agree that all disputes arising under or out of this General Release shall be brought in courts of competent jurisdiction within the Commonwealth of Massachusetts and I hereby consent to jurisdiction in courts located in the Commonwealth of Massachusetts with respect to all matters arising out of or related to this General Release.

_Frederick L. Runyon_     Dated: 6/14 , 2011
Frederick L. Runyon