UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FREDERICK L. RUNYON,<br><br>        Plaintiff,<br><br>v.<br><br>WELLINGTON MANAGEMENT<br>COMPANY, LLP, ANNE MAHONEY<br>and STEPHEN KLAR,<br><br>        Defendants. | CIVIL ACTION NO. 13-11236-DJC |

## MOTION TO DISMISS AMENDED COMPLAINT
## AS TO THE INDIVIDUAL DEFENDANTS

Defendants Anne Mahoney ("Mahoney") and Stephen Klar ("Klar"), by their counsel, hereby move the Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Counts 3, 4 and 5 of the *Amended Complaint, Injunctive Relief and Jury Demand* ("the Amended Complaint") as against them.[1]  These Counts fail to state claims against the individual defendants for the reasons set forth below.

Count 3 of the Amended Complaint alleges that Mahoney and Klar (along with Defendant Wellington Management Company, LLP ("Wellington")) fraudulently induced Plaintiff Frederick L. Runyon ("Runyon") to sign a severance agreement that provided him with over $100,000 in severance pay after Wellington laid him off in June 2011.  After finding that Runyon's original Complaint failed to state a claim for fraud against these individuals, the Court

---

[1] The Court has already dismissed Count 1 against Mahoney and Klar on the grounds that they cannot be individually liable under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA").  Count 2, alleging age discrimination under M.G. L. Chapter 151B, is brought against Wellington only.  Wellington does not participate in this motion.

gave Runyon leave to amend his pleading.  However, Count 3 of the Amended Complaint also fails to state a fraud claim against Mahoney and contains no additional allegations at all regarding Klar and, therefore, should be dismissed.

Count 4 alleges that Mahoney and Klar interfered with Runyon's rights under Massachusetts General Laws Chapter 151B.  This Count must be dismissed because it contains no factual allegations of any unlawful conduct by either of them.

Count 5 claims that Mahoney and Klar aided and abetted Wellington's alleged violation of Chapter 151B.  Again, however, the Amended Complaint fails to allege any unlawful actions on their part, much less any that constituted a wrong that is separate and distinct from the underlying age discrimination claim brought against Wellington.

The grounds for this motion are set forth more fully in Mahoney's and Klar's memorandum of law, submitted herewith.

WHEREFORE, Defendants request that the Court dismiss Counts 3 (as to Mahoney and Klar) and Counts 4 and 5 in their entirety, of the Amended Complaint.

                    WELLINGTON MANAGEMENT COMPANY,
                    LLP, ANNE MAHONEY and STEPHEN KLAR,

                    By their attorneys,

                    /s/  *Ilene Robinson Sunshine*
                    Ilene Robinson Sunshine (BBO #423000)
                    *isunshine@sandw.com*
                    SULLIVAN & WORCESTER LLP
                    One Post Office Square
                    Boston, MA  02109
                    (617) 338-2800 (phone)
                    (617) 338-2880 (fax)

Dated:  April 9, 2014

Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 9, 2014.

/s/  *Ilene Robinson Sunshine*