Plaintiff, Pro Se
125 High Street
Newton, MA, 02464

UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS_

| | |
|---|---|
| Frederick L. Runyon, Plaintiff, ) | **CIVIL ACTION NO. 13-11236-DJC** |
| vs. ) | |
| Wellington Management Company, ) | **PLAINTIFF'S MOTION REQUESTING** |
| LLP; Anne Mahoney; Stephen ) | **CERTIFICATION OF A QUESTION OF** |
| Klar; Defendants ) | **LAW TO THE MASSACHUSETTS** |
| ) | **SUPREME JUDICIAL COURT** |

## I. Introduction

In May 2013, after exhausting administrative remedies, Plaintiff, Frederick Runyon, filed a Complaint in the United States District Court of Massachusetts against Wellington Management Company, LLP alleging age discrimination in employment under the Age Discrimination in Employment Act (29 U.S.C. § 621, et seq.) and Massachusetts General Laws, Chapter 151b.

Now Plaintiff brings before the Court the question of whether the elements determining the validity of a Release of Claims required by the Older Workers Benefit Protection Act (the "OWBPA") are equally required under Massachusetts law.

## II. Background Facts

On or about June 1, 2011, Plaintiff, an employee of Wellington Management Company, LLP, was called to an unscheduled meeting during which Plaintiff's Department Manager, Defendant Mahoney, told Plaintiff his position as Corporate Design Manager had been eliminated and his employment with the company was terminated.

At that time, the Company offered Plaintiff a separation agreement ("the Agreement"), which included a severance payment in exchange for a release of legal claims.

In or about October 2011, the Department hired Betsy Salsman as Creative Manager. Ms. Salsman is approximately 20 years younger than Plaintiff. Ms. Salsman's primary duties and purview are so similar to those performed by Plaintiff that they are essentially identical. According to her resume, Ms. Salsman's job history and work experience are so similar to those of the Plaintiff that for practical purposes they are the same. The Company terminated Plaintiff and/or failed to promote him due to his age.

The Release of Legal Claims signed by Plaintiff does not comply with the requirements of the Older Workers Benefit Protection Act (the "OWBPA") and is deficient.

The question of whether the requirements of the OWBPA apply under Massachusetts anti-discrimination law is determinative of claims brought in this action.

### III. Massachusetts Commission Against Discrimination Decision Regarding the Requirements of the Older Worker's Benefit Protection Act ("OWBPA")

"Respondent claims that by his execution of the Severance Agreement, McCabe agreed to release any claims of age discrimination against the Company in exchange for his severance package. It is well established that an individual may waive or release a discrimination claim by the means of a private agreement with his employer. *Berman v. Northeast Saving Bank, 10 MDLR 1582, 1585(1988)*. In order for a release to be valid, however, the employee's waiver of claims must be made 'knowingly and voluntarily.' *Id*.

The criteria which the Commission utilizes in determining the validity of a release are as follows:

(1) the clarity of the language set forth in the release (and the degree to which the release uses language which is understandable to a lay person);

(2) whether the release specifically mentions the statutory provisions allegedly waived;

(3) whether the complainant was aware of the existence of a claim of discrimination at the time that the release was executed;

(4) the nature of the discussion between the complainant and the respondent at the time of execution;

(5) whether opportunity for negotiation was [*15] afforded to the complainant;

(6) whether complainant conferred with counsel prior to executing the release or was encouraged to do so by the respondent;

(7) whether the respondent afforded the complainant a reasonable period of time to consider /reflect upon the release;

(8) the degree of education of the complainant or the degree of knowledge possessed by the complainant regarding business practices; and

(9) whether the release purports only to waive claims arising from acts that antedate the release or whether, conversely, the language of the release purports to waive prospective claims as well.

The language used in the release signed by McCabe is deficient as not in conformity with the criteria numbered 2, 3, & 9 as well as the more comprehensive statutory requirement of the Older Worker's Benefit Protection Act ("OWBPA"), *29 U.S.C. 621*, so that the same cannot be considered to be knowing and voluntary. c.f. *Berman v. Northeast Saving Bank, 10 MDLR 1587 (1988)*." *McCabe v. Tetley, Inc., 22 Mass. Discrim. L. Rep. 31, 3334, 2000 WL 33665341, at *6 (MCAD 2000)*

The Massachusetts Supreme Judicial Court, ruling on a case of discrimination by means of sexual harassment, said, "We have

consistently granted deference to MCAD decisions and policies. We continue to do so here because its interpretation and application of the continuing violation doctrine is reasonable and conforms to the agency's statutory directive, contained in G. L. c. 151B, § 3 (5), to 'adopt, promulgate, amend, and rescind rules and regulations suitable to carry out the provisions of this chapter.' As was stated in *Lynn Teachers Union, Local 1037 v. Massachusetts Comm'n Against Discrimination*, supra at 523, the MCAD 'has been charged with the task of combating discrimination in the Commonwealth and pursuant to its statutory powers, has developed the continuing violation rule to assist in carrying out its legislative mandate.' See *Rock v. Massachusetts Comm'n Against Discrimination*, supra at 206 ('[t]he primary responsibility to determine the scope of [G. L. c. 151B, § 5] has been entrusted to the MCAD, not to the courts')." *Cuddyer v. The Stop & Shop Supermarket Company., 434 Mass. 521 - Mass/ Supreme Judicial Court 2001*.

"In construing G. L. c. 151B, we frequently do not follow the reasoning of Federal appellate decisions applying Title VII. See *Lynn Teachers Union, Local 1037 v. Massachusetts Comm'n Against Discrimination*, supra at 521-522 n.7. We do not do so for several reasons: (1) the existence of material differences between our statutory scheme and the Federal scheme (for example, here, the prohibition against sexual harassment is contained in the black letter text of G. L. c. 151B; no similar text can be found in the provisions of Title VII, but it appears only in a regulation of the Equal Employment Opportunity Commission, see 29

C.F.R. § 1604.11 [a] [2000]); (2) the legislative directive that G. L. c. 151B is to be applied liberally; (3) the express delegation of authority by the Legislature in G. L. c. 151B, § 2, empowering the MCAD to act forcefully to implement the statute in order to eliminate discrimination at root level; and (4) the deference we have afforded to MCAD policies and decisions based on the authority granted the agency by the Legislature (similar recognition is not present with respect to EEOC handling of Title VII matters, see *Massachusetts Elec. Co. v. Massachusetts Comm'n Against Discrimination, 375 Mass. 160, 170 n.5 [1978][18]*)." Id.

## IV. Conclusion

Although the MCAD ruling in *McCabe v. Tetley* cites the applicability of the Older Worker's Benefit Protection Act ("OWBPA") to Massachusetts anti-discrimination law, no Massachusetts court has ruled definitively on this question.

Plaintiff now petitions the Court to certify to the Massachusetts Supreme Judicial Court (the "SJC"), under the Uniform Certification of Questions of Law Rule, the question of whether the requirements of the Older Workers Benefit Protection Act are equally applicable to anti-discrimination claims pursuant to Massachusetts General Laws, Chapter 151B.

Dated this 7th day of May, 2014

/s/ Frederick L. Runyon

Frederick L. Runyon, Plaintiff

*Pro se*

125 High Street

Newton, MA 02464

617-817-2466

## Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 7, 2014.

/s/ Frederick L. Runyon

Frederick L. Runyon, Plaintiff

*Pro se*