UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREDERICK L. RUNYON,<br><br>           Plaintiff,<br><br>v.<br><br>WELLINGTON MANAGEMENT<br>COMPANY, LLP, ANNE MAHONEY<br>and STEPHEN KLAR,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 13-11236-DJC |

## OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY QUESTION OF LAW TO THE MASSACHUSETTS SUPREME JUDICIAL COURT

Defendants Wellington Management Company, LLP ("Wellington"), Anne Mahoney and

Stephen Klar, by their counsel, hereby oppose the motion of Plaintiff Frederick L. Runyon

("Runyon") to certify a question of law to the Massachusetts Supreme Judicial Court ("SJC").

Runyon has requested that the Court certify the question of whether the requirements for a valid

release of claims under the Federal Age Discrimination in Employment Act, 29 U.S.C. §626 et

seq. ("ADEA"), as amended by the Older Workers Benefit Protection Act, 29 U.S.C.

§626(f)(1)("OWBPA"), apply to waivers of age discrimination claims under Mass. Gen. Laws

Ch. 151B.  Defendants oppose this motion on the grounds that (1) there is no principle of law

supporting the application of federal statutory requirements to an analogous state law; (2) the

First Circuit Court of Appeals and at least one Justice of this Court have already expressly

rejected the application of the OWBPA to state law age claims; (3) the Massachusetts

Commission Against Discrimination ("MCAD"), to which the SJC affords deference in

interpreting ch. 151B, has rejected any such requirement, and (4) the answer to this issue will not expedite, streamline or assist in the disposition of this action. As further grounds for this opposition, Defendants state the following:

1. Runyon was laid off from his employment at Wellington in June 2011. Runyon signed a severance agreement with Wellington pursuant to which he received a year of salary continuation and other benefits in exchange for a release of any claims he might have had against Wellington and its partners and employees, including but not limited to claims arising under the ADEA and G.L. c. 151B.

2. After receiving all of the payments and benefits provided for in his severance agreement, Runyon filed a charge of age discrimination with the MCAD under G.L. c. 151B and the ADEA. The MCAD dismissed Runyon's state law claim[1] after finding that his waiver of that claim was "knowing and voluntary" under the multi-factor common law test utilized by that agency. See Order of Investigating Commissioner Sunila Thomas-George dated July 11, 2012, attached hereto as Exhibit 1.[2]

3. Runyon asserts claims under the ADEA and G.L. c. 151B in this action. Runyon alleges that the waiver of his ADEA claim was invalid because it did not contain all of the elements specified in 29 U.S.C. §626(f)(1).[3] Wellington has not contested Runyon's ability to maintain his ADEA claim. However, Wellington did move to dismiss Runyon's c. 151B claim on the grounds that his general release satisfied the common law standard for "knowing and

---

[1] At the same time, the MCAD referred Runyon's ADEA claim to the Federal Equal Employment Opportunity Commission for disposition. Runyon forestalled that review by filing this civil action.

[2] This Court may take judicial notice of decisions issued by administrative agencies. See, e.g., Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

[3] Specifically, Runyon claims that the waiver was confusing, that he was only given 21 days to decide whether to sign it and that he was not given a memorandum containing age-related information about other employees at Wellington.

voluntary" waivers articulated under that statute.  The Court denied that motion.  See *Electronic Order* dated March 12, 2014 (Casper, J.)(" . . . the Court cannot on this record determine whether Runyon's waiver [of his c. 151B claim] was knowing and voluntary . . . As such, the Court finds it inappropriate, at this juncture and on an undeveloped record, to adjudicate the validity of Runyon's waiver of claims . . .").  As a result of that ruling, Runyon has the right to litigate his state law age claim on the merits in this action.

4.  Although there is no impediment to Runyon's ability  to litigate his state law age claim, he has asked this Court to certify to the SJC the question of whether the waiver of a ch. 151B age claim must satisfy all the elements of the analogous federal statute in order to be deemed "knowing and voluntary."  Runyon's motion cites no legal precedent or policy that would compel, much less justify, an affirmative answer to that question.

5.  Runyon's motion omits any reference to the fact that the First Circuit Court of Appeals and a Justice of this Court have already expressly answered that question in the *negative*.  In Stonkus v. City of Brockton School Dept., 322 F.3d 97, 103 (1st Cir. 2003), the plaintiff opposed summary judgment on her state law age claim on the grounds that the waiver she had signed did not contain all of the elements specified in the OWBPA.  Rejecting that argument, the Court stated that "Mass. Gen. Laws ch. 151B . . . requires none of the pertinent elements of [29 U.S.C.] section 626(f)(1)."   In Duval v. Callaway Golf Ball Operations, Inc., 501 F. Supp. 2d 254, 263 (D. Mass. 2007), this Court agreed that "the OWBPA's special release provisions do not apply to chapter 151B age discrimination claims."

6.     The SJC has not chosen to review these decisions on its own initiative and there is no rationale for assuming that it would disagree with those holdings.  The SJC has repeatedly held that while it may look to Federal interpretation of analogous Federal laws for guidance, it is

not bound by such interpretations.  See, e.g., Wynn & Wynn, P.C. v. Massachusetts Comm'n Against Discrim., 431 Mass. 655, 669 n. 29 (2000), overruled on other grounds, Stonehill College v. Massachusetts Comm'n Against Discrim., 441 Mass. 549 (2004).  Runyon's motion not only acknowledges this, but goes on to discuss the SJC's long-standing deference to the MCAD's interpretation of ch. 151B in light of the agency's mandate to enforce that law. Moreover, Runyon makes specific reference to cases in which the SJC has *refused* to follow precedent under Federal law in interpreting ch. 151B for the very reason that the state and Federal statutory schemes differ in important and substantive ways.  Runyon's motion cites ample case law on this and Defendants will not restate those cases here.

7.  The MCAD has consistently employed the multi-factor test articulated in Berman v. Northeast Savings Bank, 10 MDLR 1582 (1988) to determine whether waivers of claims arising under ch. 151B were knowing and voluntary.  That same test was applied by the MCAD in Runyon's case.  See Exhibit 1.  Runyon has cited to no authority that would question the viability of this test or that would possibly cause the SJC to jettison it now and substitute requirements contained in a Federal statute.

8.  Runyon asserts that "[t]he question of whether the requirements of the OWBPA apply under Massachusetts anti-discrimination law is determinative of claims brought in this action." *Runyon Motion at p. 2*.  This is not the case.  Runyon confuses his ability to *maintain* his state law claim with his burden of adducing the preponderance of evidence he needs to *prevail* on it. Even an SJC ruling in Runyon's favor on the certified question could only at best invalidate his state law waiver as a matter of law, thereby giving him the right to litigate his state age claim on the merits.  However, the denial of Wellington's motion to dismiss has had that same effect. Either way, Runyon must still prove his underlying claim that Wellington discharged him as a

result of age discrimination.  As such, certification of the question he raises would not determine -- or even expedite or assist -- the resolution of this action.  To the contrary, certification would significantly delay the resolution of this action, require the parties and the SJC to expend resources litigating an issue that has no practical effect on this case, and provide Runyon with no substantive advantage.

WHEREFORE, Defendants request that the Court deny Plaintiff's motion to certify a question of law to the Massachusetts Supreme Judicial Court.

WELLINGTON MANAGEMENT COMPANY, LLP, ANNE MAHONEY and STEPHEN KLAR,

By their attorneys,

/s/  *Ilene Robinson Sunshine*
Ilene Robinson Sunshine (BBO #423000)
*isunshine@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA  02109
(617) 338-2800 (phone)
(617) 338-2880 (fax)

Dated:  May 21, 2014

Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 21, 2014.

/s/  *Ilene Robinson Sunshine*
