## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHSUETTS

| | |
|---|---|
| FREDERICK L. RUNYON,<br>Plaintiff,<br><br>vs.<br><br>WELLINGTON MANAGEMENT COMPANY, LLP, and<br>ANNE MAHONEY Defendants. | C.A. 13-11236-DJC |

### JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

Plaintiff Frederick Runyon and Defendants Wellington Management Company, LLP and

Anne Mahoney jointly submit this statement pursuant to Rule 16 of the Federal Rules of Civil

Procedure.

### 1) Discovery Schedule

The parties agree that this case does not warrant phased discovery. Therefore, the parties

propose the following discovery deadlines:

<u>May 15, 2015</u>:   Automatic Disclosures served under Fed.R.Civ.P. 26 and Local Rule 26.

<u>December 18, 2015</u>:  All written discovery requests served and non-expert depositions
completed.

<u>February 18, 2016</u>:  Expert depositions completed.


### 2) Motion Deadlines

The parties agree to the following deadlines:

<u>Rule 56 Motions</u>:  April 29, 2016

### 3. Certifications

The parties will file their respective certifications under separate cover.

4. **Concise Summary of the Parties' Positions on Liability and Damages**

a.  <u>Plaintiff</u>

Plaintiff claims that Defendants discriminated against him on the basis of age by replacing him with younger, less qualified employee. As support for this claim, Plaintiff expects the evidence to show that while Defendants' informed Plaintiff that his position was being eliminated, in fact his duties and responsibilities were simply transitioned into a new position that was given to a younger employee who had less experience and qualifications. As to damages, Plaintiff expects the evidence to show that he lost significant income, benefits, and suffered intense emotional distress as a result of the Defendants' discriminatory treatment.

b.  <u>Defendants</u>

Defendants Wellington Management Company LLP and Anne Mahoney deny any liability arising out of Plaintiff's discharge from employment.  Plaintiff's position (and those of all others in his group) were eliminated as Wellington prepared to transition from a print-based marketing function to a digital one.  The individual who Plaintiff alleges "replaced" him in fact performs different functions and has a different skill set.  With regard to the individual Counts in the Amended Complaint:

<u>Counts I and II (age discrimination under the ADEA and M.G.L. 151B, against Wellington)</u>:  Wellington will show that Plaintiff was discharged for the legitimate, non-discriminatory reason stated above and that his age was not considered in that decision.  The individual that Plaintiff claims "replaced" him was hired because she possesses the skill set required for a newly created role.  Her age was not a factor in the decision to hire her.

<u>Counts III, IV and V (fraudulent inducement, interference with Plaintiff's rights under M.G.L. c. 151B and aiding and abetting Wellington's age discrimination, against Mahoney)</u>:  At

the hearing on his motion to dismiss these Counts in the Amended Complaint, Plaintiff acknowledged that he does not have any evidence that Mahoney engaged in any of these alleged unlawful activities and merely hopes to unearth such evidence during discovery.  Plaintiff's claim that Mahoney misrepresented the reason for his discharge is based on an inference that Wellington's hiring process is too lengthy for the firm to have hired his alleged replacement within several months after his firing unless that individual actually had been identified before he was discharged.  Wellington will establish that (a) the inference Plaintiff relies on regarding the hiring process at issue here is not valid, (b) Mahoney had no knowledge or belief at the time she attended Plaintiff's discharge meeting that Wellington had decided to discharge Plaintiff on account of his age, that Plaintiff's same position would be refilled or that any alleged successor to Plaintiff had been recruited or identified, (c) Wellington never had any intention of hiring someone for a newly created marketing role based on their age; and (d) Plaintiff's position was not refilled and his alleged replacement performs a different function using different skills.

Defendants deny that Plaintiff suffered any economic or other harm caused by any actions on their part.  Wellington paid Plaintiff over $100,000 in severance pay.  Wellington does not yet have any information regarding whether Plaintiff satisfied his burden of mitigating his damages.

FREDERICK RUNYON,

By his attorney,


___/s/ Joseph L. Sulman_____
  Joseph L. Sulman, BBO #663635
  Law Office of Joseph L. Sulman, Esq.
  1001 Watertown Street, Third Floor
  West Newton, Massachusetts 02465
  (617) 521-8600
  jsulman@sulmanlaw.com


DEFENDANTS WELLINGTON
MANAGEMENT COMPANY, LLP AND
ANNE MAHONEY,

By their attorneys,

/s/ Ilene Robinson Sunshine
Ilene Robinson Sunshine  BBO # 423000
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617-338-2800
isunshine@sandw.com


Dated:   April 21, 2015

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served this report on all attorneys of record via the Court's ECF filing system on April 21, 201

/s/ Joseph L. Sulman
Joseph L. Sulman