UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FREDERICK L. RUNYON,

Plaintiff,

v.

WELLINGTON MANAGEMENT COMPANY, LLP and ANNE MAHONEY,

Defendants.

CIVIL ACTION NO. 13-11236-DJC

**ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendants Wellington Management Company, LLP ("Wellington") and Anne Mahoney ("Mahoney") [1] hereby answer the numbered allegations in the *Amended Complaint, Injunctive Relief and Jury Demand* ("the Amended Complaint") as follows.

**JURISDICTION**

1. Paragraph 1 states conclusions of law to which no answer is required.

2. Paragraph 2 states conclusions of law to which no answer is required.

3. Defendants admit the allegations in Paragraph 3.

4. Defendants deny that Wellington Management Company, LLP is a corporation and admit the remaining allegations in Paragraph 4.

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

[1] The Court has dismissed all claims as to Defendant Stephen Klar.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. Defendants deny the characterization of "management-level positions" because it is an ambiguous phrase and admit the remaining allegations in Paragraph 7.

8. Defendants admit the allegations in Paragraph 8.

9. Defendants admit that Paragraph 9 sets forth some of Plaintiff's job responsibilities but deny the allegations to the extent that Paragraph 9 purports to contain all of Plaintiff's job responsibilities.

10. Defendants admit the allegations in Paragraph 10.

11. Defendants admit the allegations in Paragraph 11.

12. Defendants admit that Plaintiff was placed in the position of Corporate Design Manager on or about September 2006, deny the characterization that Wellington "significantly" increased Plaintiff's salary and deny the remaining allegations in Paragraph 12.

13. Defendants admit the allegations in the first, second and fourth sentences of Paragraph 13 and that Plaintiff began reporting to Brian Johnson at the stated time. Defendants deny the remaining allegations in Paragraph 13.

14. Defendants admit the allegations in Paragraph 14.

15. Defendants admit the allegations in Paragraph 15.

16. Defendants deny the allegations in Paragraph 16.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants deny that Christine Green was over 50 years of age at the time Plaintiff was discharged and admit the remaining allegations in Paragraph 19.

20. Defendants admit the allegations in Paragraph 20.

21. Defendants admit the allegations in Paragraph 21.

22. Defendants admit the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants deny the allegations in Paragraph 24.

25. Defendants admit the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27 because the term "purview" is ambiguous.

28. Defendants deny that Christine Green was over 50 years of age at the time Plaintiff was discharged and admit the remaining allegations in Paragraph 28.

29. Defendants admit that Wellington offered Plaintiff a severance agreement and answer further that the agreement speaks for itself.

30. Defendants admit that at the time Plaintiff's employment with Wellington ended, Wellington had a severance policy whose eligibility requirements included but were not limited to "job elimination."

31. Defendants admit the allegations in Paragraph 31.

32. Defendants admit the allegations in Paragraph 32.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff believed. Defendants admit that Plaintiff did not attempt to modify the terms of the severance agreement that Wellington offered him.

34. Defendants answer that the severance agreement offered to Plaintiff speaks for itself and deny the remaining allegations in Paragraph 34.

35. Defendants answer that the severance agreement offered to Plaintiff speaks for itself.

36. Defendants answer that the severance agreement offered to Plaintiff speaks for itself.

37. Defendants answer that the severance agreement offered to Plaintiff speaks for itself.

38. Defendants answer that the severance agreement offered to Plaintiff speaks for itself.

39. Defendants answer that the severance agreement offered to Plaintiff speaks for itself.

40. Defendants answer that the severance agreement offered to Plaintiff speaks for itself.

41. Defendants answer that the severance agreement offered to Plaintiff speaks for itself.

42. Defendants answer that the severance agreement offered to Plaintiff speaks for itself.

43. Defendants answer that the severance agreement offered to Plaintiff speaks for itself. Defendants admit the remaining allegations in Paragraph 43.

44. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45. Defendants admit that Wellington offered a severance agreement to the named individuals and deny the characterization that such agreements were "similar" to the one offered to Plaintiff.

46. Paragraph 46 states conclusions of law to which no answer is required. Defendants admit the remaining allegations in Paragraph 46.

47. Defendants answer that the severance agreement offered to Plaintiff speaks for itself.

48. Paragraph 48 states conclusions of law to which no answer is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48.

49. Defendants admit the allegations in Paragraph 49.

50. Defendants admit the allegations in Paragraph 50.

51. Defendants admit the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants answer that Ms. Salsman's resume speaks for itself and deny the remaining allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in the first sentence of Paragraph 55. Defendants deny knowledge or information sufficient to form a belief as to the truth of what Plaintiff would or would not have done in a hypothetical situation and deny the remaining allegations in the second sentence of Paragraph 55.

**Exhaustion of Remedies**

56. Defendants admit the allegations in Paragraph 56.

57. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

**COUNT 1 - Knowing and Willful Age Discrimination**

**Age Discrimination in Employment Act (29 U.S.C. § 621 et seq.**

58. Defendants deny the allegations in Paragraph 58.

**CLAIM 2 – Age Discrimination**

**(M.G.L. c. 151B § 4)**

59. Defendants deny the allegations in Paragraph 59.

**COUNT 3 – Fraudulent Inducement**

60. Defendants deny the allegations in Paragraph 60.

**A. Timeline for creating new position**

61. Defendants admit that Plaintiff had limited experience with hiring at Wellington and deny the remaining allegations in Paragraph 61.

62. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff knows. Defendants further deny the characterization of Wellington's hiring process.

63. Defendants answer that Plaintiff's affidavit and the exhibits attached thereto speak for themselves. Defendants deny the remaining allegations in Paragraph 63.

64. Defendants admit that Ms. Salsman's employment at Wellington started on or about October 2011 and deny the remaining allegations in Paragraph 64.

B. **Temporary staff assignments pending hiring of replacement**[2]

65. Defendants admit the allegations in Paragraph 65.

[2] Although this heading is not set forth as a numbered allegation, Defendants deny that Wellington hired a "replacement" for Plaintiff.

66. Defendants admit the allegations in Paragraph 66.

67. Defendants admit the allegations in Paragraph 67.

68. Paragraph 68 states conclusions of law to which no answer is required. Defendants deny the remaining allegations in Paragraph 68.

**C. Comparison of Plaintiff's experience to replacement experience[3]**

69. Defendants deny the characterization of "managerial positions" because it is an ambiguous phrase and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69.

70. Defendants deny the characterization of "managerial positions" because it is an ambiguous phrase and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70.

71. Defendants admit the allegations in Paragraph 71.

72. Defendants deny the number of years of Ms. Salsman's experience and admit the remaining allegations in Paragraph 72.

73. Defendants admit the allegations in Paragraph 73.

74. Defendants deny the allegations in Paragraph 74.

**D. Comparison of Plaintiff's Job Responsibilities at Wellington to Replacement's Job Responsibilities at Wellington[4]**

75. Defendants admit the allegations in the first sentence of Paragraph 75. Defendants admit that the stated job duties are a part of Ms. Salsman's job (but not an exhaustive list) and deny the remaining allegations in Paragraph 75.

[3] Although this heading is not set forth as a numbered allegation, Defendants deny that Wellington hired a "replacement" for Plaintiff.

[4] Although this heading is not set forth as a numbered allegation, Defendants deny that Wellington hired a "replacement" for Plaintiff.

76. Defendants admit the allegations in the first sentence of Paragraph 76 and answer further that Plaintiff's former job description speaks for itself.

77. Defendants answer that Plaintiff's former job description speaks for itself.

78. Defendants deny the allegations in Paragraph 78.

F. **Conclusion**

79. Defendants deny the allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81.

**Count 4 – Interference with Enjoyment of Rights Protected By Chapter 151B**

82. Defendants deny the allegations in Paragraph 82.

**Count 5 – Aiding and Abetting Age Discrimination**

**(Against Defendant Mahoney)**

83. Defendants deny the allegations in Paragraph 83.

**Count 6 – Declaratory Judgment**

84. Defendants deny the allegations in Paragraph 84.

85. Paragraph 85 contains a prayer for relief that requires no answer.

WHEREFORE, Defendants request that the Court enter a judgment in their favor and against Plaintiff under each Count of the Amended Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

**FIRST DEFENSE**

Each Count of the Amended Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

To the extent that Plaintiff claims that Wellington violated any law by failing to promote him, he has failed to exhaust his administrative remedies prior to filing this civil action.

**THIRD DEFENSE**

The action is barred by the doctrine of accord and satisfaction.

**FOURTH DEFENSE**

Plaintiff is estopped by his own actions from bringing this action.

**FIFTH DEFENSE**

Plaintiff has waived any claims he asserts in this action.

**SIXTH DEFENSE**

Plaintiff has failed to mitigate his damages.

**SEVENTH DEFENSE**

The action is barred in its entirety by laches.

**EIGHTH DEFENSE**

Defendants hereby assert all other affirmative and other defenses as may become available to them during the course of this litigation and reserve the right to amend this Answer to assert any defenses not presently known to them.

**DEFENDANTS DEMAND A TRIAL BY JURY**.

WELLINGTON MANAGEMENT COMPANY, LLP and ANNE MAHONEY,

By their attorneys,

/s/ *Ilene Robinson Sunshine*
Ilene Robinson Sunshine (BBO #423000)
*isunshine@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800 (phone)
(617) 338-2880 (fax)

Dated: May 1, 2015

Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 1, 2015.

/s/ *Ilene Robinson Sunshine*