Plaintiff, Pro Se
125 High Street
Newton, MA, 02464

FILED
IN CLERK'S OFFICE

2016 NOV 1  PM 12 03

U.S. DIST.
DISTRICT OF

UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| Frederick L. Runyon, Plaintiff, ) | **CIVIL ACTION NO. 13-11236-DJC** |
| vs. ) | |
| Wellington Management Company, ) | **PLAINTIFF'S MOTION FOR** |
| LLP; Anne Mahoney; Stephen ) | **RELIEF FROM JUDGMENT PURSUANT** |
| Klar; Defendants ) | **TO FED. R. CIV. P. 60(B)** |
| ) | |
| ) | [FRCP 60(b)(3)] |
| ) | |
| ) | |
| _____ ) | |

Plaintiff, Frederick Runyon, Pro Se, pursuant to F.R.C.P.

60(b)(3), requests that the Court provide Relief from the

Stipulation of Dismissal of the above referenced case and reopen

the case that it may be heard on its merits. In support hereof

Plaintiff states as follows:


### JURISDICTION

"Six other circuits have also considered this question, and all

six have reached the opposite conclusion: that a Rule

41(a)(1)(A) dismissal constitutes a 'judgment, order, or

proceeding' under Rule 60(b) and that relief under the Rule is thus available to a party that stipulates to the dismissal of a lawsuit. See Yesh Music v. Lakewood Church, 727 F.3d 356, 362-63 (5th Cir.2013); Nelson v. Napolitano, 657 F.3d 586, 589 (7th Cir. 2011); In re Hunter, 66 F.3d 1002, 1004-05 (9th Cir.1995); Smith v. Phillips, 881 F.2d 902, 904 (10th Cir.1989); Hinsdale v. Farmers Nat'l Bank & Trust Co., 823 F.2d 993, 995-96 (6th Cir.1987); Randall v. Merrill Lynch, 820 F.2d 1317, 1320 (D.C.Cir.1987).

"We conclude that our sister circuits have the better of this issue. Specifically, we agree with those circuits that have held that a stipulated dismissal constitutes a "judgment" under Rule 60(b). See Merrill Lynch, 820 F.2d at 1320; McCall-Bey v. Franzen, 777 F.2d 1178, 1190 (7th Cir. 1985). Rule 54 states that "'judgment' as used in these rules includes a decree and any order from which an appeal lies." Fed.R.Civ.P. 54(a). While at times "the expression of one thing excludes others not expressed," Bailey v. Fed. Intermediate Credit Bank of St. Louis, 788 F.2d 498, 500 (8th Cir.1986), "[w]hen a statute uses the word 'includes' rather than 'means' in defining a term, it does not imply that items not listed fall outside the definition."

"More generally, the concerns that underlie Rule 60(b) are equally as present after a stipulated dismissal as they are after a court-ordered end to litigation. The Rule is designed to prevent injustice by allowing a court to set aside the unjust results of litigation. See MIF Realty L.P. v. Rochester Assocs., 92 F.3d 752, 755 (8th Cir.1996). The Rules give no indication that the drafters were concerned with how those results come about, nor do we see why such a distinction should matter. The Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed.R.Civ.P. 1; see also Matter of Am. Precision Vibrator Co., 863 F.2d 428, 429 (5th Cir.1989) ("Equitable considerations mandate that we interpret the Federal Rules of Civil Procedure liberally to avoid miscarriages of justice."), and Rule 60(b) in particular "should be liberally construed when substantial justice will thus be served," Cornell v. Nix, 119 F.3d 1329, 1332 (8th Cir.1997) (quoting Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir.1989))." *White v. National Football League, 756 F. 3d 585 - Court of Appeals, 8th Circuit 2014*

## APPLICABLE RULES OF CIVIL PROCEDURE

**Federal Rules of Civil Procedure: Rule 60. Relief from a Judgment or Order**

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**Federal Rules of Civil Procedure LOCAL RULES**

RULE 83.6.1 RULES OF PROFESSIONAL CONDUCT

(a) Rules of Professional Conduct. The rules of professional conduct for attorneys appearing and practicing before this court shall be the Massachusetts Rules of Professional Conduct adopted by the Massachusetts Supreme Judicial Court, as set forth as Rule 3:07 of that court, as of January 1, 2015, subject to any subsequent amendments made pursuant to paragraph (b) of this rule, and any exceptions set forth in paragraph (c) of this rule.

(d) Compliance with Rules Required. All attorneys who are admitted or authorized to practice before this court shall comply with its rules of professional conduct in all matters they handle before this court.

RULE 83.6.2 JURISDICTION FOR DISCIPLINARY MATTERS

All attorneys who are admitted or authorized to practice before this court are deemed to have consented to the jurisdiction of this court for any disciplinary proceedings arising out of any claims of misconduct arising under these rules.

RULE 83.6.3 FORMS OF MISCONDUCT

An attorney may be disciplined pursuant to these rules for the following types of misconduct:

(1) violation of the rules of professional conduct of this court;

RULE 83.6.4 FORMS OF DISCIPLINE

(a) Forms of Discipline Generally. An attorney may be subject to the following types of discipline after a finding of misconduct pursuant to these rules:

(5) restitution to victims of the misconduct; and

(6) such other disciplinary action as may be reasonable under the circumstances.

(b) Other Sanctions. Nothing in these rules shall limit the authority of a judge to impose any other sanctions otherwise permitted by law, including without limitation sanctions for contempt of court or for litigation misconduct. The imposition of such other sanctions, by this court or any other court, shall not constitute the imposition of professional discipline within the meaning of these rules.

## APPLICABLE RULES OF PROFESSIONAL CONDUCT

**Massachusetts Rules of Professional Conduct**

3:07 Massachusetts Rules of Professional Conduct. PREAMBLE AND SCOPE

PREAMBLE: A LAWYER'S RESPONSIBILITIES

4. A lawyer should use the law's procedures only for legitimate purposes and not to harass or intimidate others.

6. A lawyer should strive to attain the highest level of skill, to improve the law and the legal profession, and to exemplify the legal profession's ideals of public service.

12. Lawyers play a vital role in the preservation of society. The fulfillment of this role requires an understanding by lawyers of their relationship to our legal system. The Rules of Professional Conduct, when properly applied, serve to define that relationship.

SCOPE

[5] Failure to comply with an obligation or prohibition imposed by a Rule is a basis for invoking the disciplinary process.

[9] The Comment accompanying each Rule explains and illustrates the meaning and purpose of the Rule. The Preamble and this note on Scope provide general orientation. The Comments are intended

as guides to interpretation, but the text of each Rule is authoritative.

CLIENT-LAWYER RELATIONSHIP

**Rule 1.0 Terminology:**

(p) "Tribunal" denotes a court, an arbitrator in a binding arbitration proceeding, or a legislative body, administrative agency or other body acting in an adjudicative capacity. A legislative body, administrative agency or other body acts in an adjudicative capacity when a neutral official, after the presentation of evidence or legal argument by a party or parties, will render a binding legal judgment directly affecting a party's interests in a particular matter.

**Rule 3.3 Candor Toward the Tribunal.**

(a) A lawyer shall not knowingly:

(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;

**Rule 3.4 Fairness to Opposing Party and Counsel.**

A lawyer shall not:

(h) present, participate in presenting, or threaten to present criminal or disciplinary charges solely to obtain an advantage in a private civil matter;

**Rule 4.1 Truthfulness in Statements to Others. (July 1, 2015)**

In the course of representing a client a lawyer shall not knowingly:

(a) make a false statement of material fact or law to a third person; or

(b) fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6. [Comment: Misrepresentations can also occur by partially true but misleading statements or omissions that are the equivalent of affirmative false statements.]

**Rule 8.4 Misconduct.**

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

(d) engage in conduct that is prejudicial to the administration of justice;

## **BACKGROUND**

Plaintiff was employed at Wellington Management Company, LLP for thirteen years from August 1998 to June 2011. Plaintiff was hired as Assistant Vice President, Design Manager, a newly-created position in which Plaintiff was responsible for developing an in-house capability for the design and execution of a wide range of internal and external communications and marketing materials, for hiring, firing, and managing staff, for establishing best practices for productivity and quality of work, and more.

In or about May 2003, in recognition of Plaintiff's successful performance, the Company promoted him to the position of Vice President.

In or about September 2006, in further recognition of his successful performance, the Company promoted him to the newly created position of Vice President, Corporate Design Manager and expanded his responsibilities to include, among other functions, supervising the design of all of the company's communications

materials across all forms of media, including web, print, multimedia, and video

At all relevant times, Plaintiff was responsible for overseeing all of the Company's creative design work including work produced by, among other individuals: Julianna Anderson; Donna DeAlmeida; Christine Green; Roseanne Hall; Lisa Hennigan; Mark Kopulos; Andrew Mahoney; Kimberly Olson; Phil Sandoval; Jeff St. Pierre; Wendy Scholes; and Catherine Pipes; as well as design work created for video and all creative design work produced in the Company's global offices

On or about June 1, 2011, Mr. Johnson called Plaintiff to an unscheduled meeting with him and Ms. Mahoney, and Ms. Mahoney informed Plaintiff that his position had been eliminated and his employment with the company was terminated.

At no point during this meeting did Mr. Johnson or Ms. Mahoney indicate to Plaintiff that his performance was a factor in the termination decision.

At no point prior to his termination did Mr. Johnson or Ms. Mahoney or anyone at the Company inform Plaintiff that his job was in jeopardy.

At no point prior to his termination was there any comment or suggestion that Plaintiff was lacking skills needed to perform his duties, or was not meeting management's expectations.

At no point prior to his termination was Plaintiff provided guidance regarding management's expectations of him, or offered training and/or development opportunities to acquire or improve skills the Company may have deemed necessary.

Plaintiff's termination became effective on or about June 15, 2011. At the time of the termination, he was 59 years old.

In or about October 2011, the Department hired Betsy Salsman as Creative Manager.

Ms. Salsman is approximately 20 years younger than Plaintiff. Ms. Salsman's primary duties are so similar to those performed by Plaintiff that they are essentially identical.

On March 23, 2012, Plaintiff filed a complaint of discrimination against Defendants with the Massachusetts Commission Against Discrimination. On July 11,1 2012, the MCAD dismissed the Complaint based on Defendant's counsel's factually incorrect statement that a waiver signed by Plaintiff was in compliance with the law (see below).

On September 26, 2012, the complaint was referred to the Equal Employment Opportunity Commission. On February 22, 2013, the EEOC issued a right to sue letter authorizing Plaintiff to bring his claims in federal court. On May 21, 2013 Plaintiff filed a Complaint in the U.S. District Court and this case ensues.

After successfully completing the Pleadings phase acting Pro Se, Plaintiff retained an attorney, Joseph Sulman, for assistance in the Discovery phase.

At every stage of this action Plaintiff received threats, detailed below, that intimidated and burdened Plaintiff and ultimately led Plaintiff to settle the case, first to avoid the risk of threatened legal and financial penalties, and second to avoid the risk of losing the use of materials essential to earning a livelihood.


## FACTS AND CLAIMS:

Defendant's counsel employed tactics of threat and intimidation and made false and misleading statements of fact and law that burdened Plaintiff with fear of substantial legal risk, financial damage, and loss of livelihood that ultimately pressured Plaintiff to enter into a stipulation of dismissal.

In violation of Rule 3.4(h) of the Massachusetts Rules of
Professional Conduct, Defendant's counsel threatened more than
once to file sanctions to compel Plaintiff to pay Defendant's
litigation costs, and threatened to file criminal and civil
action against Plaintiff for possession of electronic files
copied from Plaintiff's work computer and Defendant's network
servers.

## Example 1

### False statement of fact or law

In Defendant's Motion to Dismiss Plaintiff's complaint filed
with the Massachusetts Commission Against Discrimination (MCAD)
[see Exhibit 1: MOTION TO DISMISS CHARGE OF DISCRIMINATION
Docket: No. 12-BEM-00663], Defendant's counsel represented to
the Commission that a waiver of rights proffered by the
Defendant and signed by Plaintiff was in compliance with the
strict requirements of the Older Worker's Benefits Protection
Act (OWBPA) when as a matter of law the waiver was not in
compliance with those requirements. Defendant's Motion asserts:

"5. Consistent with the federal Age Discrimination in Employment
Act and Older Worker Benefits Protection Act, Complainant was
given twenty-one days to decide whether to sign the severance
agreement and another seven days after he signed to revoke his

signature." [See Exhibit 1-Defendant's Motion to Dismiss MCAD Complaint.pdf]

As a matter of law, the OWBPA requires a period of 45 days for a terminated older worker to consider the terms of a settlement agreement.

CFR 1625.22(e)(ii) states, "If a waiver is requested in connection with an exit incentive or other employment termination program offered to a group or class of employees, the individual is given a period of at least 45 days within which to consider the agreement."

 Defendant's counsel's false statement of law is in violation of MRPC Rule 3.3(a)(i), "(a) A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."


Example 2

Misrepresentation by Omission:

Defendant's counsel's representation to the Commission regarding that waiver also omits the fact that the OWBPA lists explicit

Informational Requirements with which the waiver did not comply. [See Exhibit 1-Defendant's Motion to Dismiss MCAD Complaint.pdf]

If a waiver is requested in connection with an employment termination program offered to a group of employees, the employer must informs the individual in writing "The job titles and ages of all individuals eligible or selected for the program, and the ages of all individuals in the same job classification or organizational unit who are not eligible or selected for the program." [CFR 1625.22 (f)(ii)] The information must be in writing and "Information regarding ages should be broken down according to the age of each person eligible or selected for the program and each person not eligible or selected for the program. The use of age bands broader than one year (such as "age 20-30") does not satisfy this requirement." [CFR 1625.22 (f)(4)(ii)]

In violation of MRPC Rule 4.1: Truthfulness in Statements to Others, Defendant's misstatements and misrepresentations led the MCAD to dismiss Plaintiff's complaint on the grounds that "...Runyon was given a reasonable period of time (21 days) in which to decide whether or not to sign the Agreement and Release...." and "For these reasons, I find that Runyon's signing of the Agreement was knowing and voluntary and that the Agreement and release of claims is valid and that there is no

public interest to be served in allowing the Complaint to remain open.

For the reasons stated above, the Complaint is dismissed." [See Exhibit 2: MCAD Dismissal of Runyon Complaint.pdf]

Plaintiff's complaint then went to the Equal Employment Opportunity Commission (EEOC) for review. The EEOC applied "substantial weight" to the ruling from MCAD and dismissed Plaintiff's complaint for the same reason cited by the MCAD.

As a result, Plaintiff, proceeding pro se, was burdened with having to do significant research to prepare and file a legal Complaint as the only avenue to obtain relief.


Example 3

Threat and Misrepresentation of law:

Also in Defendant's Motion to Dismiss Plaintiff's MCAD complaint Defendant's counsel claims "It would be unfair to allow Complainant to sit on his hands and continue to take Wellington's money, only to claim later that the agreement he signed to get it is invalid.[2]"

The referenced footnote threatens that "[2] In the unlikely event that the Commission hears this case on the merits, Wellington

will seek to recoup the severance paid to Complainant." [See Exhibit 1-Defendant's Motion to Dismiss MCAD Complaint.pdf]

The law says:

"CFR 1625.23 Waivers of rights and claims: Tender back of consideration.

(a) An individual alleging that a waiver agreement, covenant not to sue, or other equivalent arrangement was not knowing and voluntary under the ADEA is not required to tender back the consideration given for that agreement before filing either a lawsuit or a charge of discrimination with EEOC or any state or local fair employment practices agency acting as an EEOC referral agency for purposes of filing the charge with EEOC. Retention of consideration does not foreclose a challenge to any waiver agreement, covenant not to sue, or other equivalent arrangement; nor does the retention constitute the ratification of any waiver agreement, covenant not to sue, or other equivalent arrangement."

Defendant's counsel's threat to recoup Plaintiff's severance payment is a misrepresentation of law in violation of Massachusetts Rules of Professional Conduct Rule 3.3, Candor Toward the Tribunal, which states:

"(a) A lawyer shall not knowingly:

(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;"

Defendant's Counsel's threat is irrelevant to the Motion to Dismiss and serves no purpose other than to frighten and intimidate Plaintiff in the hopes that Plaintiff would withdraw his complaint. In fact this assertion did frighten and intimidate the Plaintiff who was as a consequence burdened with the necessity to do much research of the law to reach a decision to let the Complaint go forward, while uncertain of the risk entailed.

### Example 4

Threatening to present criminal or disciplinary charges solely to obtain an advantage in a private civil matter

[See Exhibit 3-meeting tomorrow.pdf]

In a letter to Plaintiff's lawyer, referring to files provided in response to discovery request, Defendant's counsel wrote,

"1. Mr. Runyon appears to have imaged his Wellington email account and taken proprietary work product from the company just days before he was discharged. This activity violates Wellington's policies and may expose him to criminal and civil

liability. Wellington will address this issue outside the scope of this civil action. In the meantime, this constitutes a demand that Mr. Runyon take steps to forensically preserve his home computer and/or any other device on which these documents are stored. I will expect you to take possession of a complete, professionally prepared image of his computer and any other relevant devices and retain the same until this issue is resolved. I will expect you to certify to me in writing that you have done so and that Mr. Runyon has not altered, deleted or in any manner changed the contents of his computer and/or related devices."

This threat by Defendant's counsel serves no purpose other than to intimidate Plaintiff and attempt to block Plaintiff from using evidence that he obtained legally and in a way that did not violate Wellington's policies. Defendant's counsel made a false statement of fact to support a threat to present criminal charges solely to obtain an advantage in a private civil matter, in violation of both Massachusetts Rules of Professional Conduct Rule 3.3 and Massachusetts Rules of Professional Conduct Rule 3.4

**Example 5**

Threatening to present criminal or disciplinary charges

solely to obtain an advantage in a private civil matter

Defendant's counsel twice verbally threatened to file for

sanctions against Plaintiff for filing a frivolous claim, also

threatening that Plaintiff would be compelled to pay Defendant's

legal expenses [see Exhibit 3-meeting tomorrow.pdf].

Defendant's counsel's threat to file disciplinary action in

this case violates MRPC Section 3:07, Paragraph 4, and MRPC Rule

3.4:

**Example 6**

Threatening to present criminal or disciplinary charges

solely to obtain an advantage in a private civil matter

On October 9, 2015 Plaintiff was informed by his attorney, Mr.

Sulman, that Defendant's counsel had made yet another threat of

disciplinary action, "She is talking about filing a motion for

an injunction to force you to return the documents and take down

all Wellington documents from your Facebook page if we don't

reach a settlement." [See Exhibit 4-Re- My folder with

documents2.pdf]

This threat served no purpose but to bludgeon Plaintiff into a

settlement. The files referred to in this threat represented

thirteen years of Plaintiff's work history and were critical to
Plaintiff's ability to promote himself professionally, obtain
employment, and earn a livelihood.

 Defendant's counsel's threat to file disciplinary action in
this case again violates MRPC Section 3:07, Paragraph 4, and
MRPC Rule 3.4.

### PRAYER FOR RELIEF

As discussed above, the threats and intimidation tactics
employed by Defendant's counsel violate a number of the
Massachusetts Rules of Professional Conduct and serve as a
textbook example of the ways that large law firms representing
large clients can overwhelm an individual seeking protection
from discrimination and violations of constitutionally protected
civil rights.

Plaintiff has herein provided hard evidence of Defendant's
counsel's misconduct. The question is then, what should be done
to address this fact? It would not be appropriate to do nothing.
The Rules of Conduct and Procedure that apply here were created
to ensure the proper administration of justice, and if violation
of these rules has no consequence then the Rules serve no
purpose.

Massachusetts Rules of Professional Conduct Section 3:07, Scope, states,"[5] Failure to comply with an obligation or prohibition imposed by a Rule is a basis for invoking the disciplinary process."

"Rule 60(b)(3) requires these facts to be analyzed through a different lens. Instead of reevaluating the decision in light of the misrepresentation or fraud, the court need only determine the collateral issues of whether misconduct occurred and whether it was relevant to the case — the misconduct 'does not have to be result altering' for a court to vacate its judgment," *Barlow v. Colgate Palmolive Co. - Barlow v HLR*

"A federal district court possesses broad inherent power to protect the administration of justice by levying sanctions in response to abusive litigation practices." *Penthouse Int'l, Ltd. v. Playboy Enters., Inc., Kriss v. Bayrock Grp., LLC, 10 Civ. 3959 (LGS) (FM) (S.D.N.Y)*

"Whether to grant a Rule 60(b) motion is left to the sound discretion of the trial court." *Wilkin v. Sunbeam Corp., 466 F.2d 714, 717 (10th Cir. 1972).*

"There is much more reason for liberality in reopening a judgment when the merits of the case never have been considered than there is when the judgment comes after a full trial on the

merits." *U.S. v. Real Property Commonly Known as 6449 East Ferry, 2006 WL 3097387, \*3 (N. Dist. OKLA. 2006).*

This case has not been heard on its merits and the relief sought here would pose no burden to the court, nor to the Defendant, beyond what ordinary adjudication would have presented had Defendant's counsel not succeeded in bullying Plaintiff into a pre-trial settlement out of fear of having to defend against retributive legal action, of having to pay opponent's legal expenses, and of losing access to material essential to earning a livelihood.

Especially in cases involving discrimination and constitutionally protected civil rights the law should be applied liberally to achieve the important public good intended by both state and federal law.

WHEREFORE, Plaintiff respectfully prays for a judgment to reopen this case that it may be heard on its merits, and for Plaintiff's costs and attorneys fees related to this case, and any other relief as the court deems appropriate.

Dated this 31st day of October, 2016

/s/Frederick L. Runyon,

Plaintiff

*Pro Se*

125 High Street

Newton, MA 02464

**Certificate of Service**

I hereby certify that this document(s) filed through the ECF
system will be sent electronically to the registered
participants as identified on the Notice of Electronic Filing
(NEF) and paper copies will be sent to Defendant and Defendant's
counsel on October 31, 2016.

/s/ Frederick L. Runyon

Frederick L. Runyon, Plaintiff

Pro se


Paper copies of this filing will be mailed to:

Wellington Management Company, LLP

280 Congress Street

Boston, Massachusetts 02210

Sullivan & Worcester, LLP

One Post Office Square

Boston, MA 02109