# EXHIBIT 1



**SULLIVAN & WORCESTER**

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T 617 338 2800
F 617 338 2880
www.sandw.com

April 12, 2012

Ms. Elizabeth Hickey
Investigator
Massachusetts Commission Against Discrimination
One Ashburton Place
Boston, MA 02108

Re: Frederick L. Runyon v. Wellington Management Company, LLP
    Docket No. 12-BEM-00663

Dear Ms. Hickey:

This office is counsel for Respondent in the above matter. On behalf of Respondent, I am enclosing a Motion to Dismiss the charge of discrimination.

The motion is based on the fact that Complainant signed a general release of claims in June 2011 in which he released Respondent from, among other things, all claims arising under M.G.L. ch. 151B in exchange for severance pay in the amount of $102,000 and other benefits. Given that the allowance of this motion would result in a closure of this matter, Respondent will not submit a position statement addressing the merits of Complainant's allegations until the motion is ruled on. If this is not acceptable to the Commission for any reason, please contact me.

Thank you for your assistance.

Very truly yours,

Ilene Robinson Sunshine

Direct line: 617 338 2928
isunshine@sandw.com

Enclosure

cc: Mr. Frederick L. Runyon

COMMONWEALTH OF MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION

|  |  |
|---|---|
| FREDERICK L. RUNYON )<br>    Complainant, )<br> )<br>v. )<br> )<br>WELLINGTON MANAGEMENT )<br>COMPANY, LLP, )<br> )<br>    Respondent. )<br> ) | Docket No. 12-BEM-00663 |

## MOTION TO DISMISS CHARGE OF DISCRIMINATION

Respondent Wellington Management Company, LLP hereby moves the Commission to dismiss the charge of discrimination filed by Complainant Frederick L. Runyon on March 23, 2012. As grounds for this motion, Wellington states the following:

1. Runyon was employed by Wellington as the Corporate Design Manager in the firm's internal publishing department until his employment was terminated as of June 15, 2011 as the result of a reorganization of his department in which three positions were eliminated.[1]

---

[1] Although not relevant to the disposition of this motion, Wellington notes that, of the three employees whose positions were eliminated, one (age 50) accepted a new position within the firm and is still employed. Another, Christine Green (age 49) elected to accept Wellington's severance offer rather than look for another position within the firm. The charge alleges that, about one year before this reorganization, Complainant heard his supervisor make a comment regarding Green and Donna deAlmeida (age 54), another employee in the group, that Complainant considers ageist. It is well established that one ambiguous comment unrelated to any personnel action could never give rise to an inference that a layoff a year later was age-based. See, e.g., Vesprini v. Shaw Contract Flooring Services, Inc., 315 F.3d 37, 41 (1st Cir. 2002) (allegedly ageist remarks made 1-1/2 to 2 years prior to adverse action lacked temporal proximity and undermined inference of causal relationship). More significantly, deAlmeida's position was not even affected by the reorganization. She is still employed with Wellington.

{B1414002; 1}

2. The reorganization involved a shift in the publishing department from a print-based marketing approach to a web-based branding and marketing approach. As part of this shift, Wellington planned to, and ultimately did, hire several individuals into newly created positions that required skill and experience in web-based branding and marketing that none of the laid off employees possessed.

3. In conjunction with the reorganization and position elimination, Wellington offered Complainant and the other affected individuals a severance package consisting of one year's salary (in Complainant's case, the sum of $102,000) and outplacement assistance. On June 14, 2011, Complainant signed Wellington's severance agreement. The severance agreement contains two separate releases of claims. Both state in relevant part that

> In exchange for the promises set forth herein, you, . . . hereby release and forever discharge Wellington Management Company, LLP . . . from any and all suits, claims, demands, debts, sums of money, damages, interest, attorneys' fees, expenses, actions, causes of action, judgments, accounts, promises, contracts, agreements, and any and all claims of law or in equity, *whether now known or unknown*, which you now have or ever have had . . . including any claims under . . . Massachusetts General Laws, Chapter[] . . . 151B . . .You agree, to the extent consistent with applicable law, that you will not hereafter pursue any individual claim against any of the Released Parties by filing a claim, complaint or charge with any federal, state or local court, any arbitration panel or any administrative agency, for or on account of anything that is the subject of this General Release of Claims. . ." (emphasis supplied)

4. A complete and genuine copy of the severance agreement signed by Complainant is attached hereto as Exhibit 1.

5. Consistent with the federal Age Discrimination in Employment Act and Older Worker Benefits Protection Act, Complainant was given twenty-one days to decide whether to sign the severance agreement and another seven days after he signed to revoke his signature. In addition, the severance agreement advised Complainant that he had a

right to consult counsel and encouraged him to do so. The severance agreement is drafted in simple terms.

6. Complainant never requested clarification of any provision in the severance agreement. He did not revoke his signature within the allotted time and has never stated any intention after that time to revoke. Complainant has accepted each severance payment from Wellington for almost the full year severance period.

7. Wellington easily establishes that the waiver Complainant signed was knowing and voluntary and, therefore, dispositive of this charge. See, e.g., Melanson v. Browning-Ferris Indus., Inc., 281 F.3d 272, 276 & n.4 (1st Cir. 2002). In Melanson, the First Circuit Court of Appeals found a waiver of Title VII claims to be knowing and voluntary where the complainant was a high school graduate, had been given 45 days to consider signing the agreement and had accepted a total of $1600 in severance pay that she was not otherwise entitled to. The facts presented here are far more compelling. Complainant in this case is a sophisticated individual with many years of work experience who was employed by Wellington in a managerial capacity. The severance agreement is clear on its face as to the claims Complainant was waiving in order to receive severance pay and benefits. The Complainant had ample time to consider the severance agreement and consult counsel. If he believed that he had made a mistake in signing, he also had an opportunity to revoke his signature. And the consideration that Complainant received – a full year of salary in the amount of $102,000 – was extremely generous. Had Complainant not signed the severance agreement, Wellington would not have been obligated to pay him anything upon termination.

8. The circumstances presented here also make it equitable to dismiss the charge. Complainant claims in his charge that he formed a belief in early December 2011 that he had grounds for an age discrimination claim against Wellington. (See Charge at ¶ 6). Despite this, Complainant waited almost four full months to file this charge. During that period, he accepted four severance payments from Wellington (the gross amount of over $25,000) that he would not be entitled to if the waiver were invalid, as he now claims. It would be unfair to allow Complainant to sit on his hands and continue to take Wellington's money, only to claim later that the agreement he signed to get it is invalid.[2]

WHEREFORE, Wellington requests that the Commission find that Complainant has knowingly and voluntarily waived any claims he may have against Wellington under G.L. c. 151B and dismiss the charge of discrimination.

WELLINGTON MANAGEMENT COMPANY, LLP

By its attorneys,

Ilene Robinson Sunshine (BBO #423000)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800

Dated: April 12, 2012

---

[2] In the unlikely event that the Commission hears this case on the merits, Wellington will seek to recoup the severance paid to Complainant.