# EXHIBIT 2

# COMMONWEALTH OF MASSACHUSETTS
# COMMISSION AGAINST DISCRIMINATION

FREDERICK RUNYON,
          Complainant,

v.                                         DOCKET NO. 12-BEM-00663

WELLINGTON MANAGEMENT
COMPANY, LLP
          Respondent

## ORDER

This matter comes before me on Respondent's Motion to Dismiss on the grounds that the Complainant entered into a settlement agreement with Respondent and released his claims of discrimination against Respondent. The Motion was filed on April 13, 2012, and served on Complainant. Complainant has not filed an opposition. For the reasons stated below, Respondent's Motion is **granted**.

Background

Frederick Runyon filed his Complaint with the Commission on March 23, 2012, alleging that Wellington Management Company, LLP ("Wellingon") discriminated against him by terminating his employment on the basis of his age (59 y.o) in violation of G.L. Chapter 151B, Section 4, Paragraph 1B, and ADEA. Respondent moves to dismiss, arguing that the parties reached a settlement of the issues contained in the MCAD Complaint on June 14, 2011, in accordance with which, in return for severance payment Runyon released Respondent from liability for any existing claims arising out of his employment with, and discharge from Wellington.

An individual may waive or release a discrimination claim by means of a private agreement. *See* Berman v. Northeast Savings Bank, 10 MDLR 1582, (1988). Pursuant to 804 CMR 1.15(6), the Commission encourages the parties to resolve complaints through voluntary settlement prior to investigative determination. If it appears from the facts of the complaint and the terms of the settlement that the public interest has been served, the Investigating Commissioner shall dismiss the complaint without a finding. Furthermore, public policy favors the private settlement of disputes arising from allegations of employment discrimination. *See e.g.* EEOC v. Astra USA, Inc., 94 F. 3rd 738, 744 (1996). In enacting Title VII, Congress expressed a strong preference for encouraging voluntary settlement of employment discrimination claims. *See, e.g.,* Alexander v. Gardner-Denver Co., 415 U.S. 36, 44 (1974).

In order for a release to be valid, the employee's waiver of claims must be made "knowingly and voluntarily." Berman at 1588-1591. I have reviewed the Settlement Agreement and the circumstances under which it was negotiated and applied the principles enunciated in Berman. I find that the criteria set forth in Berman have been met.

The language of the Agreement is clear and unambiguous. The language in the release and settlement is written so that it can easily be understood by a layman. Runyon was employed as a Corporate Design Manager with Wellington. This position requires both education and experience, and Runyon is capable of understanding what he signed. The Agreement included language acknowledging that Runyon had carefully read and fully understood the provisions of the Agreement, and that he had been advised to seek legal counsel. In addition, Runyon was given a reasonable period of time (21 days) in which to

decide whether or not to sign the Agreement and Release, and upon signature, he was allowed an additional 7 day period within which to revoke it. Respondent asserts, and Complainant has not disputed that he accepted the severance payment set forth in the Agreement. For these reasons, I find that Runyon's signing of the Agreement was knowing and voluntary and that the Agreement and release of claims is valid and that there is no public interest to be served in allowing the Complaint to remain open.

For the reasons stated above, the Complaint is **dismissed**.

So Ordered, this 11th day of July, 2012.

Sunila Thomas-George
Investigating Commissioner