UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FREDERICK L. RUNYON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Case No. 1:13-cv-11236-DJC |
| WELLINGTON MANAGEMENT COMPANY, LLP, ANNE MAHONEY, and STEPHEN KLAR, Defendants. | ) ) ) ) ) ) ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)**

Defendants Wellington Management Company LLP (formerly known as Wellington Management Company, LLP) ("Wellington"), Anne Mahoney ("Mahoney"), and Stephen Klar[1] ("Klar," with Wellington and Mahoney, together the "Defendants") submit this opposition to Plaintiff Frederick L. Runyon's ("Plaintiff's" or "Runyon's") Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) (the "Motion"). The Motion provides the Court with no basis to consider disturbing the finality of a judgment to which the Plaintiff stipulated pursuant to a settlement agreement that he signed with the advice of experienced counsel.

---

[1] Plaintiff's claims in the Complaint against Klar were dismissed by Order dated March 12, 2014 and Plaintiff's claims in his Amended Complaint against Klar were dismissed by Order dated March 20, 2015. Thus, any relief pursuant to Fed. R. Civ. P. is unavailable against Klar as more than one year later. In the face of Plaintiff's blanket motion, however, Klar is included here in an abundance of caution.

## BACKGROUND

On November 6, 2015, the parties submitted a voluntary stipulation of dismissal of this action,[2] pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), that dismissed the action "with prejudice, without costs to either part, and with all rights of appeal waived." ECF Dkt. No. 47.  The stipulation was filed pursuant to a Settlement Agreement whose terms are confidential and unnecessary for the Court to assess the validity of the dismissal, in large part because Runyon was ably represented by counsel throughout the action until the filing of the Motion (including the negotiation and execution of the Settlement Agreement).[3]

On November 1, 2016, Plaintiff filed the Motion, seeking to set aside the dismissal with prejudice and re-litigate the case.  The Motion is premised entirely on unfounded and *ad hominem* attacks on Wellington's counsel, on the supposed theory that Plaintiff felt compelled to dismiss his case.  The Motion fails even to address how that could be the case given than he was represented by his own counsel throughout and agreed to dismiss the action.

## ARGUMENT

A.  <u>Standard under Rule 60(b)(3).</u>

Federal Rule of Civil Procedure 60(b)(3) provides that a litigant may seek relief from judgment where he "can demonstrate fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." *Giroux v. Fannie Mae*, 810 F.3d 103, 107 (1st Cir. 2016) citing Fed. R. Civ. P. 60(b)(3).  "[R]elief under Rule 60(b) is extraordinary in

---

[2] Runyon filed this action on May 21, 2013, alleging, *inter alia*, that Defendants laid Runyon off from his employment with Wellington on account of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA") and Massachusetts General Laws Chapter 151B, and fraudulently induced him to execute a general release of claims in exchange for money and benefits.  The Massachusetts Commission Against Discrimination had already ruled that the 2011 release was enforceable.  That release is not at issue here, however, the 2015 dismissal is.

[3] The same day Runyon filed the Motion, his attorneys (who were unaware of Runyon's intentions to file the Motion) withdrew from representation in the matter. ECF Dkt. No. 49 and 50. The Motion waives Runyon's privilege with his prior counsel by attaching attorney-client communications.

nature and . . . motions invoking that rule should be granted sparingly." *Id.* At 106 (citing *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002)). A party seeking redress under Rule 60(b):

> must persuade the trial court, at a bare minimum, that [his] motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he had the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted."

*Id.*

To satisfy Rule 60(b)(3), the moving party "must demonstrate misconduct -- such as fraud or misrepresentation -- by clear and convincing evidence and show that the misconduct foreclosed full and fair preparation or presentation of [her] case." *Id.* at 108, citing *Karak,* 288 F.3d at 21. The asserted misconduct "must *substantially* have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed [to judgment]." *Karak*, 288 F.3d at 21 (emphasis in the original). In the case of alleged false statements made in the course of litigation, the moving party must show that (a) the statement was made and was fraudulent; and (b) it substantially interfered with the moving party's ability to fully and fairly prepare his case. *Roger Edwards, LLC v. Fiddes & Son*, 427 F.3d 129, 135 (1st Cir. 2005).

But "a party may not prevail on a Rule 60(b)(3) motion on the basis of fraud where he or she has access to disputed information or has knowledge of inaccuracies in an opponent's representations at the time of the alleged misconduct." *Ojeda-Toro v. Rivera-Mendez*, 853 F.2d 25, 29 (1st Cir. 1988).

And Rule 60(b)(3) does not provide relief from "free, calculated [and] deliberate choices." *See Chang v. Smith*, 778 F.2d 83, 86 (1st Cir. 1985)(plaintiff would not have prevailed on a Rule 60(b) motion because plaintiff was aware of attorney's decision to seek a voluntary dismissal). Indeed, Rule 60(b)(3) "cannot be used to relieve a litigant from improvident strategic choices." *See id.*; *see also In re Gaudet*, No. 90-1328, 1991 U.S. App. LEXIS 7096, at *7 (1st

Cir. Apr. 4, 1991) (Rule 60(b) does not provide relief from calculated choices such as voluntary dismissal "whether improvident or not").

      B.      <u>The Motion Fails to Offer Any Reason to Justify this Extraordinary Relief.</u>

Runyon seeks to re-open this action and obtain relief from his decision to voluntarily dismiss the action with prejudice based on so-called fraud and misrepresentation by Defendants' counsel. There is nothing in the Motion that would qualify Plaintiff to obtain relief from judgment under Fed. R. Civ. P. 60(b)(3), however. The parties agreed to settle their differences, and the case was voluntarily dismissed with prejudice, almost a year prior to the filing of the Motion. Runyon had the benefit of counsel during that time. Rule 60(b)(3) does not provide relief from such "free, calculated [and] deliberate choices." *See Chang*, 778 F.2d at 86.

Second, even if Runyon's characterization of Defendants' counsel's conduct were correct (which it is not), Plaintiff would still have failed to meet Rule 60(b)(3)'s standard. Critically, *all* of the examples of alleged fraud and misrepresentation cited by Plaintiff in the Motion were known to him at the time of the settlement and voluntary dismissal with prejudice. *Ojeda-Toro*, 853 F.2d at 29; *see also Washington v. State St. Bank & Tr. Co.*, 14 F. App'x 12 (1st Cir. 2001)(pro se plaintiff's prior knowledge of alleged inaccuracies in employment discrimination case defeated his attempt to invoke Rule 60(b)(3)). And Plaintiff has not shown that any of Defendants' counsel's alleged conduct substantially interfered with his ability to fully and fairly prepare his case. *Karak*, 288 F.3d at 21. The Motion should therefore be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny the Motion.

November 15, 2016								SULLIVAN & WORCESTER LLP

/s/ Nicholas M. O'Donnell
Nicholas M. O'Donnell (BBO No. 657950)
One Post Office Square
Boston, Massachusetts 02109
Telephone: (617) 338-2800
Facsimile:  (617) 338-2880
Email: nodonnell@sandw.com

*Attorneys for Defendants Wellington Management Company LLP, Anne Mahoney, and Stephen Klar*

## CERTIFICATE OF SERVICE

I certify that the foregoing **Opposition to Plaintiff's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)**, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on November 15, 2016 and paper copies will be sent to any non-registered participants (including the *pro se* Plaintiff) by first class mail.

/s/ Nicholas M. O'Donnell